UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

GREG STEVENS                                    CIVIL ACTION NO. 19-0824

                                                SECTION P
VS.
                                                JUDGE TERRY A. DOUGHTY

TODD ROBERTS                                    MAG. JUDGE KAREN L. HAYES

## REPORT AND RECOMMENDATION

Plaintiff Greg Stevens, a prisoner at Franklin Parish Detention Center proceeding pro se

and in forma pauperis, filed the instant proceeding on May 14, 2019, under 42 U.S.C. § 1983.

He names Detective Todd Roberts as Defendant.[1]  For reasons that follow, the Court should

dismiss Plaintiff's claims.

## Background

Plaintiff alleges that, on June 1, 2017, Defendant filed a criminal complaint against him.

[doc. # 8, p. 1].  The same day, a trial judge signed a warrant for Plaintiff's arrest.  [doc. #s 8, p.

1; 8-1, p. 8].  At the time, Plaintiff was already incarcerated for a parole violation.  [doc. # 8, pp.

1, 3].  He claims that, although Defendant knew where he was incarcerated, Defendant did not

fulfill his responsibility to promptly arrest him for the charges in the June 1, 2017 complaint.  *Id.*

at 2.

Plaintiff contends that, absent the delay in arresting him, he "would have been

immediately informed of [his] right to counsel and [his] right to request a preliminary

examination."  *Id.*  Then, he could have presented his evidence to the court, exposed the alleged

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under
28 U.S.C. § 636 and the standing orders of the Court.

victim's lies, and secured his release.  *Id.* at 6.  He adds: "There was no reason not to have me arrested except to give the state an unfair advantage in its prosecution of me and the ability to manipulate procedural law . . . ."  *Id.* at 2.

Plaintiff next alleges that Defendant "filed a complaint with the district attorneys [sic] office on June 19, 2017, that contained perjured testimony/statements."  [doc. # 1, p. 3].  Defendant filed the complaint even though Plaintiff "informed him of the lies the complaint contained . . . ."  *Id.*  The victim allegedly lied when she stated that Plaintiff "made her call [him] every two hours while [he] was at work" and when she stated that Plaintiff "used her phone to send her boyfriend . . . specific and explicit text messages."  [doc. # 8, pp. 2, 22].  Plaintiff maintains that Defendant is "liable for" the victim's alleged lies and "perjury" because Defendant included the victim's statements in his signed, notarized complaint.  *Id.* at 3.

According to Plaintiff, if Defendant "would have inquired into the allegations he would have discovered the lies, effectively ending the prosecution."  *Id.* at 2.  Defendant's actions allegedly "contaminat[ed] the entire process."  [doc. # 1, p. 3].  Plaintiff claims that Defendant committed "the crime of crimen falsi."[2]  [doc. # 8, p. 5].

Plaintiff has been deprived of his liberty, and he endured humiliation, embarrassment, emotional distress, and emotional suffering.  *Id.* at 19.  He seeks $1,500,000.00, and he asks the Court to dismiss his charges with prejudice.  *Id.*

**Law and Analysis**

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis.  As a

---

[2] "Crimen falsi" is, generally, considered a "crime in the nature of perjury" or "[a]ny other offense that involves some element of dishonesty or false statement."  BLACK'S LAW DICTIONARY (11th ed. 2019) (defining 'crimen').

prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3]  See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis*,* his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  In making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  However, the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of  "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."  *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).  Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint."  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."  *Whitley v. Hanna*, 726 F.3d 631, 638

4

(5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

Plaintiff requests monetary relief for his humiliation, embarrassment, emotional distress, emotional suffering, and deprivation of liberty. Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

Here, because Plaintiff does not allege that he suffered a physical injury—or any other injury compensable by monetary relief—as a result of Defendant's actions, he may not recover compensatory relief for his alleged mental and emotional injuries. The Court should dismiss Plaintiff's request for compensatory damages.

**3. Habeas Corpus**

Plaintiff asks the Court to dismiss his charges with prejudice. Although Plaintiff filed this action under 42 U.S.C. § 1983, his request is an implicit challenge to the very fact and duration of his physical imprisonment.[4] Plaintiff should pursue his request through a petition for

---

[4] See, e.g., *Sellers v. Plattsmier*, 637 F. App'x 111, 112 (5th Cir. 2015) (reasoning that the plaintiff's request to dismiss a bill of information was an implicit request for release); *Florence v. Garcia*, 713 F. App'x 306, 307 (5th Cir. 2018) ("Florence's requests for dismissal of the charges and for immediate release sound in habeas . . . ."); *Durall v. Lafayette Police Dep't*, 2011 WL 6181387, at *1 (W.D. La. Nov. 16, 2011), report and recommendation adopted, 2011 WL

writ of habeas corpus under 28 U.S.C. § 2241.  See *Preiser v. Rodriguez*, 411 U.S. 475, 93

(1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical

imprisonment, and the relief he seeks is a determination that he is entitled to immediate release

or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas

corpus."); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing a request for

release from pending state criminal proceedings as a habeas petition under Section 2241).

Accordingly, the Court should deny Plaintiff's request.

The undersigned cautions that Plaintiff must first exhaust his available state court

remedies before seeking habeas relief in this Court.  See *id.* (observing that if "habeas corpus is

the exclusive federal remedy . . . a plaintiff cannot seek the intervention of a federal court until

he has first sought and been denied relief in the state courts, if a state remedy is available and

adequate.").[5]  Plaintiff is further cautioned that the Court may abstain, under *Younger v. Harris*,

401 U.S. 37 (1971), if Plaintiff asks the Court to interfere with his ongoing criminal

prosecution.[6]  See *Gibson v. Orleans Par. Sheriff*, 2014 WL 1066987, at *1 (5th Cir. Mar. 20,

---

6205542 (W.D. La. Dec. 13, 2011) ("Since dismissal of the charges would result in an immediate
or at least speedier release from custody, plaintiff must seek such relief by way of a petition for
writ of habeas corpus . . . .").

[5] See also *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) ("Despite the absence of
an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has
developed holding that although section 2241 establishes jurisdiction in the federal courts to
consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that
jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the
state court or by other state procedures available to the petitioner.").

[6] "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise
jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial
proceeding; (2) the state has an important interest in regulating the subject matter of the claim;
and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional
challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks and
quoted sources omitted).

2014) (affirming abstention under *Younger v. Harris*, where a petitioner sought habeas corpus

relief under 28 U.S.C. § 2241).

Ultimately, the Court should dismiss Plaintiff's claims because he does not seek

cognizable relief.

**Recommendation**

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Greg Stevens' claims

be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's request to dismiss his charges be

**DENIED AND DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to pursue habeas

corpus relief after he exhausts all available state court remedies.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by

this recommendation have fourteen (14) days from service of this Report and Recommendation

to file specific, written objections with the Clerk of Court.  A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within fourteen**

**(14) days following the date of its service, or within the period authorized by Fed. R.**

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

**legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

*Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 30th day of October, 2019.

Karen L. Hayes
United States Magistrate Judge

8